IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIRAMORE TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-3049-D |
| VS. | § | |
| | § | |
| UNITED VAN LINES, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the moving and storage of personal property, the court addresses defendants' motion to dismiss for failure to state a claim, plaintiff's motion for leave to file a third amended complaint, one defendant's motion for summary judgment, plaintiff's sealed motion for stay and continuance or, alternatively, to modify scheduling order, and defendants' motion to modify order dated September 16, 2016, in which the court granted plaintiff's unopposed motion for leave to modify orders.

I

Plaintiff Kimberly Panenka ("Panenka"), in her capacity as the trustee of Miramore Trust ("Miramore Trust" or the "Trust"), hired defendants United Van Lines, LLC ("United"), Suddath Relocation Services, Inc. ("Suddath"), and Suddath Relocation Systems of Texas, Inc. ("Suddath Texas") to ship and store property of the Trust.[1] Defendant United

---

[1] In deciding defendants' Fed. R. Civ. P. 12(b)(6) motion, the court construes plaintiff's second amended complaint in the light most favorable to plaintiff, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in plaintiff's favor.

was to ship the Miramore Trust's goods from Wisconsin to Grand Prairie, Texas, and deliver them there to a storage facility owned by Suddath Texas.

Miramore Trust alleges that 24 boxes of the Trust's goods disappeared during shipping. These boxes, which contained fine china, crystal, and silver, were loaded onto moving trucks in Wisconsin, but were not unloaded at the storage facility in Texas. In addition, some items went missing or were damaged during storage. Miramore Trust has stipulated to a list of only five items that were damaged.

Miramore Trust brought this lawsuit in Texas state court against United, Suddath, and Suddath Texas, alleging claims under the Carmack Amendment, 49 U.S.C. § 14706; a breach of contract claim; violations of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Comm. Code Ann. §§ 17.46, 17.50 (West 2011) ("DTPA"); breach of the implied warranty of good and workmanlike performance; and promissory estoppel. The state-court original petition and the first and second amended complaints identify the plaintiff as Miramore Trust. Suddath Texas maintains that the second amended complaint is deficient because the Trust lacks capacity to sue. Legal capacity is among the issues raised by the instant motions.

The following motions are pending for decision: defendants' May 24, 2016 motion

---

See, e.g., *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

to dismiss the second amended complaint for failure to state a claim; plaintiff's July 5, 2016 motion for leave to file an amended pleading; defendant Suddath's August 12, 2016 motion for summary judgment; plaintiff's November 30, 2016 sealed motion for a stay and continuance; and defendants' November 30, 2016 motion to modify the scheduling order.

## II

Defendants move to dismiss Miramore Trust's second amended complaint; the Trust moves for leave to file a third amended complaint.

## A

In deciding a Rule 12(b)(6) motion, the court evaluates the sufficiency of plaintiff's complaint "by accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)) (internal quotation marks and brackets omitted). To survive a motion to dismiss under Rule 12(b)(6), plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to

relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (brackets omitted).

"'[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.'"  *In re Am. Airlines, Inc., Privacy Litig*., 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  And plaintiffs are often able to state plausible claims for relief once the court identifies the defects in their pleadings and permits them to amend.  *See, e.g., Reneker v. Offill*, 2010 WL 1541350, at *2, *7 (N.D. Tex. Apr.19, 2010) (Fitzwater, C.J.) (after twice granting motions to dismiss, concluding that plaintiff's second amended complaint stated claim on which relief could be granted).

B

Defendants contend that Miramore Trust is an entity that lacks legal capacity to sue or be sued.  They maintain that a Rule 12(b)(6) motion is the proper procedure to challenge a plaintiff's lack of capacity when the defect is apparent on the face of the complaint.  *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1294, at 23 (3d ed. 2004 & Supp. 2016).  They also maintain that state law controls the question of capacity, *see* Rule 17(b), and that Texas law provides that a trust may not sue or be sued, *see*

*Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 570-71 (Tex. 2006).  Defendants posit that the second amended complaint should be dismissed because Miramore Trust, the named plaintiff, lacks legal capacity to sue.

In response, Miramore Trust points to its motion for leave to amend.  It does not dispute that a trust lacks capacity to sue in Texas; instead, it maintains that leave to amend should be granted because the request to amend was made within a reasonable time after the defect was raised.

In reply, defendants maintain that dismissal is preferred to amendment.  They contend that the proposed third amended complaint does not cure the pleading defect because its first sentence reads "Plaintiff, Miramore Trust Trustee," and only later identifies the trustee as Panenka.  Defendants posit that the amended complaint should properly begin "Kimberly Panenka, Trustee of the Miramore Trust."  Ds. Reply 3.  They also contend that the proposed third amended complaint neglects to change the case caption.  Finally, defendants argue that plaintiff's complaint should be revised to conform with the Joint Stipulation that limits plaintiff's claims for damaged goods.

C

The court concludes that Panenka is entitled to amend her pleadings.  Because this is Panenka's first attempt to correct the defect in pleading the proper plaintiff, and because (as the court explains next) Panenka has now submitted a legally sufficient replacement pleading, leave to amend is appropriate.  *See In re Am. Airlines, Inc., Privacy Litig*., 370 F.Supp.2d at 567-68.

-5-

Panenka's proposed third amended complaint cures the defect that defendants have identified. The proposed third amended complaint alleges that the plaintiff is the "Miramore Trust Trustee," 3d Am. Compl. at 1, and that "[t]he Trustee of the Miramore Trust is Kimberly Panenka," *id.* It therefore makes clear that the plaintiff in this lawsuit is the trustee of the Miramore Trust, and that the trustee is Panenka. And although, as defendants point out, the proposed third amended complaint does not update the caption, the caption is not determinative when the content of the pleading sufficiently identifies the parties. *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1321, at 388-91 (3d ed. 2004 & Supp. 2016). Defendants are not entitled to a revised pleading that reflects the content of the Joint Stipulation because the stipulation is binding regardless of whether it is incorporated into Panenka's pleadings, and defendants cite no authority to the contrary.

Accordingly, the court grants Panenka's motion for leave to file an amended pleading and denies defendants' motion to dismiss for failure to state a claim as moot.

III

Suddath moves for summary judgment on plaintiff's claims for breach of contract, violation of DTPA, breach of implied warranty of good and workmanlike performance, and promissory estoppel.

A

When a summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325

-6-

(1986).  Once it does so, the nonmovant must go beyond the pleadings and designate specific facts demonstrating that there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial.  *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.).  Summary judgment is mandatory where the nonmovant fails to meet this burden.  *Little*, 37 F.3d at 1076.

B

Suddath points to the absence of evidence that it has ever communicated or done business with Panenka or the Trust, and it maintains that Panenka has no evidence of the required elements of any of her causes of action against Suddath.  Suddath also points to its evidence that, after a search of its records, it found no record of communications with, or services provided to, Panenka or the Trust.  Suddath also cites Panenka's interrogatory answers in which she admits having no documentation of any communications or agreements with Suddath.

Panenka has not responded to Suddath's motion.  Although her failure to respond does not permit the court to enter a "default" summary judgment in Suddath's favor, *see, e.g., Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence,"

-7-

*Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Associates*, 929 F.2d 160, 165 (5th Cir. 1991)).  Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).  Panenka has presented no evidence to support any of her causes of action against Suddath.  Accordingly, Suddath's motion for summary judgment is granted, and Suddath is dismissed as a defendant by Rule 54(b) final judgment filed today.

IV

In sealed motion filed on November 30, 2016, Panenka moves to stay proceedings in the case for 90 days and continue the trial setting, or, alternatively, to modify the scheduling order.  Defendants oppose the motion for a stay, and, in a motion filed the same day as Panenka's, move instead to modify the deadlines in the court's September 16, 2016 scheduling order.

A

A district court has discretion to stay proceedings on its docket.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Id.*  The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there

-8-

is even a fair possibility that the stay for which he prays will work damage to some one else."
*Id.* at 255. "The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court." *Busk v. Integrity Staffing Solutions, Inc.*, 2013 WL 4786254, at *2 (D. Nev. Sept. 5, 2013) (citing *Landis*, 299 U.S. at 254-55).

B

Panenka contends that the case should be stayed because she is experiencing health problems that make it difficult or impossible for her to confer with her counsel or sit for a deposition. Panenka explains that she is "hospitalized for the foreseeable future," P. Reply 2, with specific maladies that she identifies in her motion.[2] She maintains that the proposed 90-day stay is a reasonable, fixed, and short duration.

Defendants advocate instead an extension of the court's scheduling order deadlines—for completing deposition discovery, filing the joint status report and estimate of trial length, and filing summary judgment motions—to facilitate Panenka's deposition.[3] Defendants prefer modifying the scheduling order over staying the litigation for the following reasons: first, they contend they have been frustrated in taking Panenka's depositions (in her trustee and individual capacities), and they oppose further delay; second,

---

[2]To avoid sealing all or part of this memorandum opinion and order, the court is not identifying the specific health issues that she identifies in her sealed motion.

[3]These deadlines were set for December 2016-January 2017 as of the time of filing of both defendants' motion and plaintiff's motion to stay.

they state that they are engaged in other litigation with Panenka in Wisconsin state court, and they hope to discover related information by taking her depositions in this case; and, third, they maintain that they are concerned that witnesses will forget information or become unreachable while the case is stayed.

C

After weighing the competing interests of the parties and the court, the court in its discretion concludes that a modest stay is appropriate on the facts of this case. *See Busk*, 2013 WL 4786254, at *2. Because Panenka still appeared to be completely unavailable due to illness as of the time she filed her reply (January 2017), it would benefit no one to calculate the requested 90-day period from the date she filed her motion (November 30, 2016). Instead, the court will commence the stay on the first business day that follows the filing of this memorandum opinion and order. This stay does not have the effect of staying the rulings issued today. These rulings address motions that were either fully briefed, or for which the time to respond had already elapsed.

No later than 90 days after this memorandum opinion and order is filed, counsel must confer and file a joint proposed revised scheduling order that proposes new deadlines for completing deposition discovery, filing a joint estimate of trial length and a joint status report regarding the progress of settlement negotiations, filing summary judgment motions, and filing all motions not otherwise covered.

Defendants' motion to modify order dated September 16, 2016 is denied.

-10-

D

This case is set for trial on the two-week docket of July 10, 2017.  The stay imposed by this memorandum opinion and order will be in effect until fewer than two months before the trial setting.  Because of the operation of N.D. Tex. Civ. R. 7.1(e) and (f), motions for summary judgment filed soon after the expiration of the stay will not be ripe until a few weeks before the current trial setting, at the earliest.  Moreover, Fed. R. Civ. P. 26(a)(3) disclosures would be due before the summary judgment motions are ripe or decided.  For these reasons, the court resets trial to the two-week docket of November 13, 2017.

Because the court has reset this case on its own initiative without determining whether counsel, their clients, or their witnesses have material conflicts—e.g., conflicting settings in cases that are likely to be tried and prepaid vacations—counsel should alert the court to such conflicts before seeking continuances in other cases, canceling vacations, or instructing clients and witnesses to do so.  The court may be able to accommodate such conflicts, if given sufficient notice.

N.D. Tex. Civ. R. 40.1 provides, "Unless the presiding judge orders otherwise, the granting of a motion for continuance will not extend or revive any deadline that has already expired in a case."  Therefore, any relief from an expired deadline must be obtained by motion or agreed order (subject to court approval).  Unexpired deadlines based on the prior trial setting, however, are hereby reset so that the parties shall now comply with them on the basis of the new setting.

*     *     *

Accordingly, defendants' motion to dismiss for failure to state a claim is denied without prejudice.  Panenka's motion for leave to file a third amended complaint is granted. Suddath's motion for summary judgment is granted, and Panenka's action against Suddath is dismissed with prejudice by Rule 54(b) final judgment filed today.  Panenka's sealed motion for stay and continuance or, alternatively, to modify scheduling order is granted. Defendants' motion to modify order dated September 16, 2016 is denied.

**SO ORDERED**.

February 17, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

-12-